**UNITED STATES OF AMERICA,**

v.

**Kimberly HOLLIER, Defendant.**

**No. 03 CRIM. 144(VM).**

United States District Court,
S.D. New York.

June 15, 2004.

Marcia Cohen, Assistant United States Attorney, Mary Jo White, United States Attorney, Criminal Division, New York, NY, for U.S.

Earl L. Scott, New York, NY, for Kimberly Hollier.

## DECISION AND ORDER

MARRERO, District Judge.

A jury convicted defendant Kimberly Hollier ("Hollier") of three counts tax evasion. He now moves the Court to lower the base level of his offense under the Sentencing Guidelines because he contends the Probation Office overstated the tax loss he caused. The Sentencing Guidelines' broad provisions for including relevant conduct in the loss calculation expressly reject those contentions. Hollier also moves the Court to downwardly depart from the otherwise applicable sentencing range because he contends his behavior was aberrant. The Court denies that motion because Hollier's actions involved several years of deliberate and planned conduct.

## I. BACKGROUND

The facts emerging from this criminal trial, which are set forth more fully in the Court's Decision and Order denying Hollier's Rule 29 motion for a judgment of acquittal, see United States v. Hollier, 314 F.Supp.2d 250 (S.D.N.Y.2004), are briefly as follows. Hollier worked as a carpenter for the New York City Housing Authority ("NYCHA") and in the three tax years for which he was indicted (1996, 1997, and 1998), he attempted to pay zero taxes despite earning substantial income. Hollier falsely stated on his IRS Form W–4s that he was exempt from income withholding, and when the IRS notified NYCHA that Hollier was indeed subject to withholding, Hollier forged IRS letters purporting to return him to exempt status. The evidence at trial was overwhelming and unrefuted, and the jury returned a guilty verdict on all three counts after only brief deliberation.

## II. DISCUSSION

In calculating Hollier's base level offense for purposes of the Sentencing Guidelines, the Probation Office determined that Hollier failed to pay $46,653 in taxes owing to the federal government and to New York State for the tax years 1993 through 1998. Hollier contends that figure is overstated.

■ First, Hollier claims that, in the pre-indictment tax years (1993, 1994, and 1995), his unpaid taxes did not arise from the scheme alleged in the indictment of falsely claiming to be exempt, and thus, he contends those figures should be excluded from the loss calculation as not part of "the same course of conduct or common scheme or plan as the offense of conviction." See United States Sentencing Guidelines Manual § 1B1.3(a)(2) (1998) ("U.S.S.G.").

The Sentencing Guidelines expressly reject Hollier's contention: "In determining the total tax loss attributable to the offense (see § 1B1.3(a)(2)), all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." See id. § 2T1.1 cmt. n. 1. Hollier has not put forth any evidence suggesting the pre-indictment tax deficiencies were unrelated; in fact, he does not attempt to explain the nature of the deficiencies at all.

■ Second, Hollier alleges that he actually overpaid the IRS $5,707 for the tax year 1999 and contends that this figure

should also be excluded. Even if this were true (the Court cannot verify it) and setting aside the fact that it would make no difference to Hollier's base offense level,[1] the Guidelines make clear that "[t]he tax loss is not reduced by any payment of the tax subsequent to the commission of the offense." *Id.* § 2T1.1(c)(5).

Hollier next moves for a downward departure on the theory that his conduct was aberrant. His motion portrays an individual who has overcome adversity to lead a productive life. The Court has received about a dozen letters from friends and family as further testament to his character, apart from the present offense. Hollier also points out that he has repaid his tax debts corresponding to the tax years charged in the indictment.

These facts are immaterial to the legal question at hand because, under the Sentencing Guidelines, a Court may depart downward for aberrant behavior "only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life." *See* U.S.S.G. § 5K2.20(b) (2003).[2] Hollier's actions were plainly of significant duration and involved significant planning.

The trial evidence established that Hollier submitted at least four W–4s falsely claiming exemption in four separate years, and that he forged at least three IRS letters over a two-year period. His fake letters appeared to track the language and

appearance of authentic IRS letters, and thus must have involved careful planning and attention. This extensive and deliberate behavior cannot be considered aberrant, no matter how admirably Hollier has carried himself in other aspects of his life.

Finally, Hollier points out that a defendant named Guillermo Riley ("Riley"), who was involved with the same anti-tax group as Hollier and who committed similar crimes, was sentenced to probation. Hollier apparently suggests that it would only be fair that his sentence primarily not involve incarceration. The Court is unclear as to the nature of this suggestion—*i.e.*, whether it is a separate request for a downward departure or whether it is merely something for the Court's consideration in determining the sentence within the appropriate range. In either event, the Court considers Riley's sentence immaterial for any purpose regarding the punishment appropriate to Hollier's circumstances. Riley pled guilty and thus received an adjustment for his acceptance of responsibility, ultimately entitling him (unlike Hollier) to a probationary sentence.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Kimberly Hollier ("Hollier") to adjust the loss calculation for purposes of determining the appropriate base level of his offense is denied; it is further

**ORDERED** that Hollier's motion for a downward departure from the otherwise

---

1. Even excluding the alleged federal tax credit, Hollier's tax deficiencies would still be over $40,000 and thus correspond to the same base level of 13 as would otherwise apply. *See* U.S.S.G. § 2T4.1.

2. The parties agree that the 1998 Sentencing Guidelines are applicable to this case, but the

Court here cites the language of the current Sentencing Guidelines because the Second Circuit has held this particular updated language is merely a *clarifying* amendment, applicable even when otherwise applying older Guidelines. *See United States v. Gonzalez,* 281 F.3d 38, 45–47 (2d Cir.2002).

applicable sentencing guidelines range based upon his allegedly aberrant behavior is denied.

**SO ORDERED.**